UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARJORIE A. WIGHT, *et al.*,<br><br>Defendant. | CASE NO. C16-1556-JCC<br><br>ORDER OF SALE |

The Court previously entered judgment following its order granting, in part, the United States' motion for summary judgment (Dkt. Nos. 43, 44). The Court's order and judgment vacated the transfer of real property between Defendants Marjorie A. Wight and Matthew J. Migel, ordered the foreclosure of tax liens on the property, and ordered that the property be sold to satisfy the tax liens upon the termination of Ms. Wight's life estate. (*Id*. at 5.) Now, having found that the United States has satisfied the conditions for foreclosing its tax liens pursuant to 26 U.S.C. § 7403, the Court enters this Order of Sale subject to Ms. Wight's life estate. The Order shall be held IN ABEYANCE during the life of Marjorie Wight, provided that she complies with the terms of her agreement with the United States.

It is hereby ORDERED that the real property described below shall be sold pursuant to the Court's Judgment (Dkt. No. 44) according to the following terms:

//

**I. Identification of Property**

(1) The real property subject to this action is located at 15440 85th Avenue NE, Kenmore, Washington, 98028, (the "Property") with a legal description of: LOT 9, MOORLAND LANES, ACCORDING TO PLAT RECORDED IN VOLUME 64 OF PLATS, PAGE 25, IN KING COUNTY, WASHINGTON.

**II. Authorization of Sale and Terms and Conditions of Sale**

(2) Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court authorizes and directs the United States Marshal for the Western District of Washington, or his or her representative or Deputy (collectively, "Marshal"), or an officer of the Internal Revenue Service Property Appraisal and Liquidation Specialists ("IRS PALS"), to offer the Property for public sale and to sell the Property. The United States may choose either the Marshal or an IRS PALS to carry out the sale and to make the arrangements for any sale as set forth in this Order. References to "the Marshal or the IRS PALS" below shall be read to refer to whichever is conducting the sale.

(3) The terms and conditions of the sale are as follows:

　　a. The sale of the Property shall be free and clear of the interests of Plaintiff, the United States; Defendants Marjorie A. Wight, the Estate of Vallene Furse, Wendy Wight, Matthew J. Migel, U.S. Bank N.A. N.D., and the King County Treasurer.

　　b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any. No warranty of any kind is made regarding operation of the Property as commercial real estate.

　　c. The sale shall be held at the courthouse of the county or city in which the Property is located; on the premises of the Property; or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The place of the sale shall be determined in the discretion of the Marshal or the IRS PALS.

    d. The date and time for the sale are to be announced by the Marshal or the IRS PALS.

    e. The Marshal or the IRS PALS may, in their discretion, hold one or more open houses at the Property for viewing by potential bidders. Defendants shall not interfere in any way with an open house.

    f. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in King County, Washington. Furthermore, at the discretion of the Marshal or the IRS PALS, the sale may be advertised by any other means deemed appropriate, expressly including placement of a listing with a broker, provided that the fee for the advertisement is a flat sum and not a commission on the sale price. Each notice of the sale shall contain a description of the Property and shall also contain the terms and conditions of sale in this order of sale.

    g. The Marshal or the IRS PALS shall set a minimum bid price for the Property. If the minimum bid price is not met or exceeded, the Marshal or the IRS PALS may, without further permission of this Court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid or sell the Property to the highest bidder at the sale where the minimum bid was not met.

    h. The successful bidder shall be required to deposit with the Marshal or the IRS PALS, at the time of the sale, a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check payable to the U.S. District Court for the Western District of Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal or the IRS PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof of ability to make the deposit required by this order of sale.

    i. The successful bidder shall pay the balance of the purchase price to the Marshal or the IRS PALS within 21 days after the date the bid is accepted. Payment shall be

made by a certified or cashier's check payable to the "U.S. District Court for the Western District of Washington." If the bidder fails to pay the balance of the purchase price within the required time, the deposit shall be forfeited, and the funds so forfeited shall be paid to the United States for application to the tax liabilities of Marjorie A. Wight. In event of such a forfeit, the property or properties for which the deposit was forfeited may be again offered for sale under the terms and conditions of this Order, or the Marshal or the IRS PALS may sell the property to the second-highest bidder, requiring payment of the purchase price within 21 days of notifying the second-highest bidder.

j. The United States may bid as a credit against its judgment without tender of cash.

k. The sale of the Property shall be subject to confirmation by this Court. The United States or the Marshal or the IRS PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within 21 days from the date of receipt of the balance of the purchase price.

l. On confirmation of the sale, the Marshal or the IRS PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser.

m. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

n. On confirmation of the sale, the County Recorder for King County shall cause transfer of the Property to be reflected upon the appropriate register of title.

o. The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

(4) From the date 21 days from the date of sale until the sale is confirmed, the Marshal or the IRS PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the

Property.

(5) The Marshal or the IRS PALS may, in his or her discretion, make payments for utilities, repairs, and the like that are reasonably necessary to maintain or preserve the Property until the Property is sold. Such payments may be reimbursed as a cost of sale.

**III. Effect of Order on the Defendants' Occupation of the Property**

(6) This Order shall constitute a special writ of execution with respect to Marjorie A. Wight, Wendy Wight, and Matthew J. Migel and no further order or process from the Court shall be required.

(7) Any right of possession to the Property held by defendants Marjorie A. Wight, Wendy Wight, and Matthew J. Migel shall terminate 21 days after the date of sale (the date that a bid is accepted at auction). Marjorie A. Wight, Wendy Wight, and Matthew J. Migel are hereby ordered to vacate the Property no later than the date 21 days after the date of sale. They shall take with them their personal property, but leave in place all improvements, buildings, fixtures, and appurtenances to the Property.

(8) If Marjorie A. Wight, Wendy Wight, or Matthew J. Migel continue to occupy the Property after the date 21 days after the date of sale, they shall be considered to be trespassers. In that event, the Marshal is authorized to take any action he or she deems appropriate to remove and evict the Booths.

(9) If Marjorie A. Wight, Wendy Wight, or Matthew J. Migel fails to remove any personal property from the Property within 21 days of the date of sale, this paragraph shall apply.

    a. The Wights and Mr. Migel may request permission from the Marshal or the PALS to return to the Property for the sole purpose of removing the occupant's personal property. This permission will not be unreasonably withheld.

    b. The Wights and Mr. Migel shall not return to the Property without being accompanied by the Marshal or the PALS unless the Marshal or the PALS

1 specifically gives permission for them to return unaccompanied.
2    c. If any of the Wights' or Mr. Migel's personal property, not including
3 improvements, buildings, fixtures, and appurtenances, remains on the Property after
4 21 days have elapsed from the date of sale, the personal property shall be deemed
5 abandoned because it has remained on land to which Marjorie A. Wight, Wendy
6 Wight, and Matthew J. Migel have no possessory right for 21 days without being
7 removed. The Marshal or the PALS may dispose of any such abandoned property
8 by any means they each may deem appropriate, including destruction, charitable
9 donation, or sale.
10    d. If any abandoned personal property is sold, the proceeds of the sale shall be applied
11 first to the costs of the sale. Any remaining balance shall be paid into the registry of
12 the Court for further distribution.
13    e. If any abandoned personal property is left upon the Property at the time the sale is
14 confirmed, ownership of that personal property shall also pass to the buyer of the
15 Property.
16    f. If the Marshal believes that any item of personal property on the Property is
17 potentially dangerous (for instance, firearms, other weapons, or incendiaries), the
18 Marshal may, in his or her discretion, secure the item rather than leaving it on the
19 Property. The item may be secured in any reasonable manner, expressly including
20 removing the item to the Marshal's office or other facility. Any such item shall be
21 returned to the owner if: (1) the owner makes a proof of ownership satisfactory to
22 the Marshal; (2) the owner pays any reasonable costs of securing the item the
23 Marshal may have incurred; and (3) the item can be returned to the owner in a
24 manner that is safe and legal under the circumstances. If no person claims
25 ownership of an item secured by the Marshal within 30 days, the Marshal may
26 dispose of the item in any manner he or she sees fit.

g. If the personal property includes live animals, the Marshal or the IRS PALS shall take humane steps as may be reasonable for the animals to be removed from the Property. Any additional costs incurred in removing the animals shall be reimbursable as a cost of sale.

h. Until the sale of the Property is confirmed, Marjorie A. Wight, Wendy Wight, and Matthew J. Migel shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property, and ensuring that ad valorem taxes on the Property are paid in a timely fashion. Marjorie A. Wight, Wendy Wight, and Matthew J. Migel shall neither commit waste against the Property nor cause or permit anyone else to do so. Marjorie A. Wight, Wendy Wight, and Matthew J. Migel shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Marjorie A. Wight, Wendy Wight, and Matthew J. Migel shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

**IV. Distribution of Proceeds**

(10) After confirmation of the sale as provided for herein, the Clerk of Court shall distribute the proceeds of the sale as follows, as far as the proceeds permit:

**FIRST**, to the Marshal or the PALS officer (whichever shall have conducted the sale as arranged by the United States) for the costs of the sale.

**SECOND**, to King County in full payment of any unpaid local ad valorem taxes on the Property. The amount shall be determined at the time that the sale is confirmed.

ORDER OF SALE
C16-1556-JCC
PAGE - 7

1 The payments to King County shall be made payable to the "King County Treasury" and mailed to the King County Treasury, 500 Fourth Ave., Suite 600, Seattle, WA 98104, noting "Parcel Number 563200-0090" on the payment. Any local ad valorem taxes which are not paid in full from the proceeds of the sale shall remain as a lien against the Property in the same priority as before the foreclosure sale:

**THIRD**, to U.S. Bank N.A. N.D. the current balance of the Deed of Trust against the Property recorded August 16, 2012, with the King County Recorder in an amount according to proof. The payment shall be made payable to the "U.S. Bank" and mailed to C/O KIMBERLY HOOD, Aldridge Pite, LLP, Ogden Building, 9311 SE 36th Street, Suite #100, Mercer Island, WA 98040.

**FOURTH**, to the United States, all remaining sale proceeds with interest, to apply to the tax judgment against Marjorie A. Wight. The payment to the United States shall be made payable to the "U.S. Department of Justice" and shall be mailed to the U.S. Department of Justice, Tax Division, Tax FLU, Office of Review, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044-0310, and the phrase "CMN 2016101554" shall be written on the memo line of the check.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE