THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARJORIE A. WIGHT, *et al.*,

Defendants.

CASE NO. C16-1556-JCC

ORDER

This matter comes before the Court on the Government's motion for reconsideration (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "'A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly.'" *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

The Court previously granted summary judgment to the Government, setting aside

Defendant Marjorie Wight's constructively fraudulent transfer of real property to Defendant Matthew Migel. (Dkt. No. 43 at 5.) In doing so, the Court ruled that the Government's additional claim for a $100,000 judgment against Mr. Migel was moot. (*Id.*); (*see* Dkt. No. 36 at 10–11); (*see also* Dkt. No. 1 at 8–10) (Counts I and IV). The Government argues that this was error because Washington's Uniform Fraudulent Transfers Act ("UFTA"), Wash. Rev. Code §§ 19.40.071(1)(a), .081(2), allows a court to both void a transfer and grant a money judgment against the transferee. (Dkt. No. 45 at 3.) This assertion is both illogical and inconsistent with the UFTA. It is illogical because once the transfer is set aside, the basis for a judgment against Mr. Migel goes away. It is void *ab initio*. The Government claims that without the judgment it is not protected should Mr. Migel not fully repay his $100,000 debt to U.S. Bank, for which it recorded a Deed of Trust against the property. (*Id.* at 4.) But any potential loss the Government may incur relating to satisfaction of U.S. Bank's Deed of Trust is the result of the Government's failure to promptly record its tax liens before U.S. Bank recorded its Deed of trust. (*See* Dkt. No. 40). The Government's error does not entitle it to both void the transfer *and* seek resulting damages.

Moreover, the Government's argument is inconsistent with the UFTA. While not a model of clarity on this issue, a close reading of the Act, coupled with a review of its legislative history, demonstrates that the statute does not support the Government's interpretation. Washington adopted the UFTA to replace the Uniform Fraudulent Conveyances Act ("UFCA"). *See* 1987 Wash. Sess. Laws 1907–13. The UFCA gave creditors two remedies when a fraudulent conveyance occurred: set aside the conveyance or attach the property conveyed. Wash. Rev. Code § 19.40.090 (1985). The Act did not allow for a direct judgment against a transferee. *Id*. Whereas, the UFTA does allow a creditor to seek a direct judgment against a transferee. *See* 1987 Wash. Sess. Laws 1911–12. However, one can only be obtained "to the extent a transfer is *avoidable* . . . for the value of the asset *transferred*." Wash. Rev. Code 19.40.081(2) (emphasis added). Therefore, to the extent the transfer is *voided*, rather than simply *avoidable*, no judgment can be entered because no asset was legally *transferred*. The committee reports confirm this

interpretation. *See* S.B. Rep. on H.B. 94 at 2, 50th Leg., Reg. Sess. (Wash 1987); H.B. Rep. on H.B. 94 at 2, 50th Leg., Reg. Sess. (Wash. 1987) (describing the mutually exclusive remedies of avoidance, attachment of the asset transferred, or attachment of other property held by the transferee).

The Government, in suggesting otherwise, relies heavily on *Thompson v. Hanson*, 239 P.3d 537 (Wash. 2009). (*See* Dkt. Nos. 45 at 3, 50 at 3.) But the issue before the *Thompson* court was not whether a creditor could both seek to set aside a transfer and receive a judgment against the transferee. 239 P.3d at 539–41. It was whether an intent to defraud is necessary for a judgment against the transferee (lower courts had split on the issue). *Id*. Accordingly, the *Thompson* court did not set aside the fraudulent transfer. *Id*. at 543. It simply affirmed the plaintiff's judgment against the transferee. *Id.* This was the sole relief the plaintiff sought before the lower court. *See Thompson v. Hanson*, 174 P.3d 120, 123 (Wash. App. 2007).

For the foregoing reasons, the Government's motion for reconsideration (Dkt. No. 45) is DENIED.

DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C16-1556-JCC
PAGE - 3